## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN DOE** : | |
|     Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 24-CV-1843** |
| : | |
| **PIERRE LACOLMB**, *et al.*, : | |
|     Defendants. : | |

### MEMORANDUM

**PADOVA, J.**                                                                                           **OCTOBER 30, 2024**

*Pro se* Plaintiff John Doe, a pretrial detainee currently housed at Riverside Correctional Facility, asserts claims pursuant to 42 U.S.C. § 1983 in connection with injuries he suffered after exposure to "K2" smoke at the prison. For the following reasons, the Court will grant Doe leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice.[1]

### I.     FACTUAL ALLEGATIONS[2]

Doe names the following Defendants in his Complaint: (1) Pierre LaColmb, the Warden of Riverside Correctional Facility ("RCF"); (2) Correctional Officer Gindraw, (3) Commissioner of Prisons, Blanche Carney; (4) the City of Philadelphia; and (5) YesCare. (Compl. (ECF No. 1) at 1-3, 12.) Doe alleges that between November 2023 up until the time he filed his Complaint in April of 2024, he was "subjected to dangerous secondhand smoke from the open use of 'K2' by

---

[1] The Complaint had previously been dismissed without prejudice for failure to prosecute as Doe had failed to either pay the filing fee or submit a motion to proceed *in forma pauperis*. (*See* ECF No. 4.) After the case was dismissed, Doe filed a motion to proceed *in forma pauperis* and the required prisoner trust account statement. Accordingly, the Court will vacate the Order dismissing his case without prejudice, grant Doe leave to proceed *in forma pauperis*, and screen his Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B).

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

incarcerated persons in the housing areas." (*Id*. at 12.) Due to the exposure to and inhalation of K2 smoke, Doe states that he experienced "respiratory failure and difficulty breathing." (*Id*.) Specifically, on two occasions, February 28, 2024 and March 5, 2024, Doe "experienced difficulty breathing, tightness in his chest, wheezing, dizziness, and loss of consciousness" after inhaling K2 smoke. (*Id*.) On both occasions, when he began to experience these symptoms, Doe complained to the "officer on duty but was ignored." (*Id*.) Upon returning to his cell, Doe "lost consciousness and awoke in a state of confusion." (*Id*.) Doe states that the exposure to K2 smoke has caused him to experience severe memory loss and prolonged difficulty breathing. (*Id*.) Based on these facts, Doe asserts constitutional claims and seeks money damages. (*Id*.)

## II.     STANDARD OF REVIEW

The Court grants Doe leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it "fails to state a claim on which relief may be granted." *Id.* Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . .

---

[3] Because he is a prisoner, Doe will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

contains facts sufficient to state a plausible . . . claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (abrogated on other grounds) (third, fifth and sixth alterations in original) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678 (citation omitted).  As Doe is proceeding *pro se*, we construe his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.     DISCUSSION

Doe asserts constitutional claims under § 1983, the vehicle by which federal constitutional claims may be brought in federal court.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### A.     Claims against Individual Defendants – Gindraw, Carney, and LaColmb

The Court understands Doe to assert Fourteenth Amendment claims against the individual Defendants because they allowed him to be housed in conditions that exposed him to the dangers of K2 secondhand smoke at RCF and based on their alleged denial of adequate medical care when he suffered "extreme respiratory failure" on February 28 and March 5, 2024, after exposure to K2 smoke.  (Compl. at 12.)  Although Doe states in his Complaint that he also asserts Eighth Amendment claims (*see* Compl. at 3), because Doe was a pretrial detainee when the events described in the Complaint occurred, the Eighth Amendment is not applicable.  *See*

3

*Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Instead, Doe's claims fall under the Due Process Clause of the Fourteenth Amendment. *Id.* (holding that the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees). However, courts have determined that the rights afforded pretrial detainees under the due process clause are at least as great as those afforded by the Eighth Amendment. *Thomas v. City of Harrisburg*, 88 F.4th 275, 281 n.23 (citing *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003)). Therefore, courts analyzing cases by pretrial detainees apply the same deliberate indifference standard that applies in Eighth Amendment cases. *See Andrews v. Harper*, 576 F. Supp. 3d 305, 314 (W.D. Pa. 2021) (listing cases).

To state a constitutional violation based on exposure to smoke, a prisoner must allege that prison officials "with deliberate indifference, exposed him to levels of [smoke] that pose an unreasonable risk of serious damage to his future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993); *see also Moore v. Durand*, No. 22-2915, 2023 WL 4884855, at *1 (3d Cir. Aug. 1, 2023) ("To allege that exposure to [environmental tobacco smoke] unreasonably endangers his future health, an inmate must show (1) exposure to 'unreasonably high' levels of [smoke] contrary to contemporary standards of decency; and (2) deliberate indifference by the authorities to the exposure." (quoting *Helling*, 509 U.S. at 35-36)). Deliberate indifference is a subjective standard. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001). A plaintiff must allege that the prison officials "knew or were aware of and disregarded an excessive risk to [his] health or safety." *Id.* at 135. "[I]t is not sufficient that the official should have been aware" of the excessive risk. *Id.* at 125.

Similarly, to state a claim based on the failure to provide medical treatment under the Fourteenth Amendment, a plaintiff must allege facts indicating that prison officials were

4

deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (discussing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety." *Id*. at 837. Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citation omitted). "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted) (citation omitted). "[A]n illness arising from an inmate's exposure to [environmental smoke] can constitute a serious medical condition." *Atkinson v. Taylor*, 316 F.3d 257, 266 (3d Cir. 2003) (citations omitted).

Neither of Doe's claims against the individual Defendants is plausible as pled because Doe has failed to allege facts to support a reasonable inference that any of the individual defendants – Correctional Officer Gindraw, Commissioner Carney, or Warden LaColmb – were deliberately indifferent to Doe's safety or to his serious medical needs. Doe alleges that during an approximate five-month period, he was exposed to K2 secondhand smoke in the housing areas of RCF, and that the exposure caused him to experience – at least on two occasions – difficulty breathing, chest tightness, wheezing, dizziness, and confusion. (Compl. at 12.) He further alleges that when he experienced these symptoms, he complained to an unnamed "officer on duty" but that the officer ignored his complaints. (*Id.*) Although these allegations may

5

support a plausible inference of deliberate indifference, Doe does not tie the allegations to any of the named Defendants.  As noted above, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *Rode*, 845 F.2d at 1207 (citations omitted); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Doe alleges that Gindraw was employed as a correctional officer during the events described in the Complaint and that she "failed to carry out of the duties of her job, depriving [Doe] of his civil rights." (Compl. at 12.)  Does does not allege that Gindraw was the unnamed "officer on duty" to whom Doe complained about his symptoms on February 28 and March 5, 2024.  Consequently, Doe's vague, generalized, and conclusory allegations do not support a plausible inference that Gindraw knew or was aware of and disregarded an excessive risk to Doe's health or safety.  Similarly, Doe does not sufficiently tie his allegations of alleged constitutional harm to either Commissioner Carney or Warden LaColmb.  Doe simply alleges that Carney "did nothing to remedy issues complained of despite direct appeal to her office," and that LaColmb "oversaw operations of [the prison] and had knowledge of conditions through the grievance process." (*Id*.)  These allegations do not support a reasonable inference that LaColmb or Carney knew or were aware of and disregarded an excessive risk *specifically* to Doe's safety or health, as opposed to simply being aware that inmates at RCF smoke K2.

To the extent that Carney and LaColmb are named as Defendants simply due to their high-ranking positions, this is not sufficient to state a plausible claim for relief.  *See Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677).

Rather, "[s]uits against high-level government officials must satisfy the general requirements for supervisory liability." *Wharton v. Danberg*, 854 F.3d 234, 243 (3d Cir. 2017). There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)) (alteration in original). "Second, 'a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id*. (citing *A.M.*, 372 F.3d at 586). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode*, 845 F.2d at 1207.

The allegations in Doe's Complaint do not support either basis for supervisory liability against Carney or LaColmb. First, Doe does not allege that either Carney or LaColmb employed a policy or practice (or failed to employ a policy or practice) that directly caused his exposure to and injury from K2 smoke. Second, Doe does not allege any facts supporting a reasonable inference that either Carney or LaColmb participated in the events that caused his exposure to and injury from K2 smoke, or that they had actual knowledge of the exposure and risk of harm caused by the smoke and nevertheless acquiesced in allowing it. Moreover, to the extent that Doe's claims against Carney and LaColmb are based on how they handled or responded to his grievances, the claims are also not plausible. Generally, claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a

7

grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (*per curiam*); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (*per curiam*) (noting that "an inmate has no constitutional right to a grievance procedure" (citation omitted)). Accordingly, Doe's Fourteenth Amendment claims against Gindraw, Carney, and LaColmb for deliberate indifference to his safety and deliberate indifference to his serious medical needs are not plausible as pled and will be dismissed.

### B. Claims against City of Philadelphia and YesCare

Doe also names as Defendants the City of Philadelphia and YesCare, a company under contract to provide medical services to RCF. Doe's claims against both Defendants cannot proceed as pled. To plead a basis for municipal liability against the City of Philadelphia under § 1983, a plaintiff must allege that a municipal policy or custom caused the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Similarly, to plead a § 1983 claim against a prison medical provider like YesCare, a plaintiff must allege the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (citing *Bd. of the Cnty. Comm'rs of Bryan Cnty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *see also Lomax v. City of Philadelphia*, Civ. A. No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) ("Because [defendant] is [a] private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs." (second alteration in original) (citations and quotations omitted)). "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (citation omitted). It is not enough, however,

to allege the existence of a policy or a custom.  "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (*citing Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)).  This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged.     *Id*. (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).

Doe has not tied his allegations of deliberate indifference to his safety or to his serious medical needs to a City of Philadelphia or YesCare custom or policy.  Aside from naming these two Defendants, nowhere in the Complaint does Doe allege any facts about the City of Philadelphia or YesCare, let alone that either Defendant had a policy or custom that caused his alleged injuries.  Accordingly, any municipal liability claims against the City of Philadelphia and YesCare are not plausible as pled and must also be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Doe leave to proceed *in forma pauperis*, and dismiss his Complaint without prejudice.  Doe will be given an opportunity to file an amended complaint in the event he can plead additional facts to cure the defects the Court has noted as to his claims.  An appropriate order follows that provides further guidance on amendment.

                                                                                **BY THE COURT:**

                                                                                /s/ John R. Padova
                                                                                _____
                                                                                **JOHN R. PADOVA, J.**