IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HERBERT SHERMAN** | : | |
| *aka John Doe*, | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-1843 |
| | : | |
| **BLANCHE CARNEY**, *et al.*, | : | |
|     **Defendants.** | : | |

<u>**MEMORANDUM**</u>

**PADOVA, J.**                                                                                                          **JANUARY 12, 2025**

Plaintiff Herbert Sherman appears to have abandoned this case shortly after he was released from prison and the Defendants moved to dismiss the claims. Accordingly, the Court will dismiss this case for failure to prosecute.

**I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

Sherman filed this action pursuant to 42 U.S.C. § 1983 when he was a pretrial detainee at the Riverside Correctional Facility. (ECF No. 1.) He asserted claims against the City of Philadelphia and former Philadelphia Department of Prisons Commissioner Blanche Carney in connection with injuries he suffered after exposure to "K2" smoke while housed at Riverside. (*Id*.) When he initiated the action, Sherman was sent the "Notice of Guidelines for Representing Yourself (Appearing Pro Se)." (ECF No. 2.) In that document, Sherman was advised that it was his responsibility to keep the Court and opposing parties informed about his current address and that his failure to do so could result in the dismissal of his case for failure to prosecute. (*Id*. at 2.) The Court granted Sherman leave to proceed *in forma pauperis* and dismissed his original

---

[1] The Court adopts the sequential pagination assigned by the CM/ECF docketing system to all *pro se* documents.

complaint without prejudice.  *See Doe v. LaColmb*, Civ. A. No. 24-1843, 2024 WL 4628367, at *4 (E.D. Pa. Oct. 30, 2024).[2]  After Sherman returned with an Amended Complaint, the Court directed service of the Amended Complaint on the City of Philadelphia and Blanche Carney. (ECF Nos. 14, 16.)

In the Amended Complaint, Sherman alleges that between November 2023 and November 2024, when the Amended Complaint was filed, he was "subjected to dangerous secondhand smoke from the open use of 'K2' by incarcerated persons in the housing areas." (Am. Compl. at 2.)  This caused Sherman to experience "difficulty breathing and confusion due to the inhalation of the 'K2' smoke." (*Id*.)  On February 28, 2024, and March 5, 2024, Sherman experienced dizziness and confusion due to inhaling K2 smoke. (*Id*.)  In June of 2024, he began to experience "symptoms" while in the dayroom and then "lost consciousness" when he returned to his cell. (*Id*.)  He "awoke in a state of confusion [and was] disoriented from the pollutants still in the air." (*Id*.)  Sherman also states that while he was housed on several units within the Philadelphia Department of Prisons ("PDP"), "secondhand smoke has been a constant daily problem" that the City and Carney have "intentionally ignored." (*Id*. at 3.)  Between February and March of 2024, Carney allegedly "instructed her subordinates to lock inmates in if the unit smelled like 'K2' secondhand smoke." (*Id*.)  Based on these allegations, Sherman asserts Fourteenth Amendment claims.  *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005) (citation omitted) (noting that the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees).

Shortly after service of the Amended Complaint, Sherman notified the Court that he had been released from prison and provided an address in New Jersey where he could be contacted.

---

[2] Earlier in the case, Plaintiff was referred to as "John Doe."

(*See* ECF Nos. 20, 21.)  On May 12, 2025, Defendants filed a Motion to Dismiss the Amended Complaint.  (ECF No. 23.)  Sherman did not respond to the Motion, even after the Court advised on May 30, 2025, in an Order sent to his updated address, that he had until June 30 to do so.  (ECF No. 24.)  On July 10, 2025, the Court sent Sherman another Order at the New Jersey address he provided, which again advised him to respond to the Motion to Dismiss.  (ECF No. 25.)  The July 10 Order was returned to the Court as undeliverable with a notation that Sherman does not live at the address.  (ECF No. 26.)  Sherman's time to respond to the Motion to Dismiss has now expired and he has not provided the Court with an updated address.

## II.     STANDARD OF REVIEW

Given Sherman's failure to respond to the Court's Orders and because the Court has no ability to contact Sherman to determine whether he intends to proceed with this case, the Court will consider whether it is appropriate to dismiss this case for failure to prosecute.  Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action when a plaintiff fails to prosecute the case, fails to comply with the rules of procedure, or fails to comply with a court order.  *See* Fed. R. Civ. P. 41(b).  "A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)."  *See Sebrell ex rel. Sebrell v. Philadelphia Police Dep't*, 159 F. App'x 371, 373 (3d Cir. 2005) (*per curiam*) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).  Ordinarily, a court determining whether to *sua sponte* dismiss a case because of a plaintiff's failure to prosecute must consider several factors as set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).  *See, e.g., Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994).  In the context of a pending motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), granting a defendant's motion to dismiss a case where the plaintiff has failed to respond thereto is

effectively akin to sanctioning the plaintiff for failing to comply with a local rule or court order, and a "drastic" sanction like dismissal with prejudice requires a *Poulis* analysis. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 29-30 (3d Cir. 1991). A court cannot grant a Rule 12 motion as "unopposed" or "uncontested" without a *Poulis* analysis. *See, e.g., Washington v. Wenerowicz*, No. 21-2741, 2022 WL 39870, at *2 n.5 (3d Cir. Jan. 5, 2022) (*per curiam*); *Adkins v. Reynolds*, 788 F. App'x 824, 828 (3d Cir. 2019) (*per curiam*). Thus, the Court will consider the *Poulis* factors to determine whether it is appropriate to dismiss Sherman's case for failure to prosecute.

### III.  DISCUSSION

In *Poulis*, the United States Court of Appeals for the Third Circuit articulated six factors to consider when determining whether to dismiss an action due to a plaintiff's failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary . . . ; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868 (emphasis omitted). When balancing the *Poulis* factors, there is no "magic formula," "no single *Poulis* factor is dispositive," and all six factors need not be satisfied for a court to dismiss a complaint. *See Briscoe v. Klause*, 538 F.3d 252, 263 (3d Cir. 2008). In this case, an assessment of the *Poulis* factors weighs in favor of dismissing this action.

The first Poulis factor—the extent of the party's personal responsibility—weighs in favor of dismissal. It is Sherman's sole responsibility to prosecute his case and comply with Court orders. *See id.* at 258-59 (explaining that "a pro se plaintiff is personally responsible for complying with the court's orders" and "it is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress

4

of his case"); *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (concluding that where a litigant was proceeding *pro se*, any failure to comply with orders was attributable to him). Sherman was ordered to respond to the Motion to Dismiss and failed to do so. Moreover, as a pro se litigant, Sherman is likewise responsible for keeping his address current with the Court. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1998) (observing that "[a] party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address"); *Stephen v. United States Attorney Gen.*, Civ. A. No. 18-0615, 2020 WL 832914, at *3 (M.D. Pa. Jan. 10, 2020) ("With regard to the first *Poulis* factor, the responsibility to keep the Court informed of his current address was solely Plaintiff's."), *report and recommendation adopted,* 2020 WL 820192 (M.D. Pa. Feb. 19, 2020). The docket reflects that Sherman received the Court's standard notice informing him of his responsibility to keep his address current in accordance with Local Rule 5.1(b), and warning him that failure to do so "could result in Court orders or other information not being timely delivered, which may result in your case being dismissed for failure to prosecute . . . ." (ECF No. 2 at 2.) Indeed, he previously provided the Court with updated addresses until recently. However, Sherman has not provided the Court with his most recent address and, accordingly, cannot receive Court orders or prosecute this litigation.

The second factor—prejudice to Defendants—also weighs in favor of dismissal. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). "[W]hile 'prejudice' for the purpose of *Poulis* analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and

5

complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).  It is unclear how this case could proceed without Sherman's participation.  "Simply put, there is no way for Defendants to defend against Plaintiff's claims in his absence." *Stephen*, 2020 WL 832914, at *3.  Accordingly, requiring Defendants to proceed in this context would be prejudicial.

The third factor—a history of dilatoriness—is neutral.  The factor must be assessed over the lifetime of the case, keeping in mind that "conduct that occurs one or two times is insufficient." *Briscoe*, 538 F.3d at 261.  However, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as . . . consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874.  Sherman has not updated the Court with his current address and failed to respond to the Motion to Dismiss, despite being ordered to do so.  Thus, the litigation cannot progress beyond this point and the six-month delay is solely attributable to Sherman.  However, Sherman's case is in the early stages of litigation and although he has caused delays and demonstrated an intention to abandon it, his conduct does not amount to a history of dilatoriness.

The fourth factor—whether the plaintiff's conduct was willful or in bad faith—is also neutral because the Court cannot determine whether Sherman's "failure to update his address was 'willful' or 'in bad faith' because, given his unknown whereabouts, we cannot ask him." *Welch v. City of Philadelphia*, Civ. A. No. 11-4670, 2012 WL 1946831, at *3 (E.D. Pa. May 30, 2012); *see also El-Hewie v. Paterson Pub. Sch. Dist.*, Civ. A. No. 13-5820, 2015 WL 5306255, at *4 (D.N.J. Sept. 10, 2015) (where a litigant "has been silent, and that silence is ambiguous," the court could not conclude that litigant acted willfully or in bad faith for purposes of the fourth *Poulis* factor).  However, Sherman is aware of his obligation to keep his address current with the

Court—as evidenced by his prior notice to the Court of a change—and yet he has failed to do so again. Nevertheless, on this record, Sherman's failures could be construed as more consistent with negligence or inadvertence rather than bad faith.

The fifth factor—the effectiveness of sanctions other than dismissal—weighs in favor of dismissing this case. Sherman is proceeding *pro se* and is likely unable to pay monetary sanctions given his request to proceed *in forma pauperis*. *See Adonai-Adoni v. King*, 506 F. App'x 116, 119 (3d Cir. 2012) (*per curiam*) ("Because Adonai–Adoni proceeded pro se and in forma pauperis, monetary sanctions were not a viable form of alternative sanction."). Moreover, the Court has no way of imposing those sanctions on Sherman without the ability to contact him. *See McLaren v. New Jersey Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) (*per curiam*) ("[A]lthough courts are normally required to consider whether a lesser sanction would be appropriate, the district court could not contact the plaintiff to threaten her with some lesser sanction." (internal citations and alterations omitted)); *Lear v. Dahaus*, Civ. A. No. 03-1156, 2006 WL 1508667, at *3 (W.D. Pa. May 31, 2006) ("The fifth *Poulis* factor weighs in favor of dismissal for failure to prosecute, given that Plaintiff cannot be contacted, it is difficult to see how any lesser sanction, of which Plaintiff cannot be made aware, would serve the interests of justice or judicial economy.").

Finally, the sixth *Poulis* factor—the meritoriousness of the claims or defenses—also weighs in favor of dismissal. A claim is considered meritorious "when the allegations of the complaint, if established at trial, would support recovery." *See Poulis*, 747 F.2d at 869-70 (citations omitted). Defendants argue that Sherman failed to allege a constitutional claim. As the Court explained in its earlier Memorandum, "'[t]o state a constitutional violation based on exposure to smoke, a prisoner must allege that prison officials, 'with deliberate indifference,

7

exposed him to levels of [smoke] that pose an unreasonable risk of serious damage to his future health.'" *Doe*, 2024 WL 4628367, at *2 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)) (citing *Moore v. Durand*, No. 22-2915, 2023 WL 4884855, at *1 (3d Cir. Aug. 1, 2023)); *see also Moore*, 2023 WL 4884855, at *1 ("To allege that exposure to [environmental tobacco smoke] unreasonably endangers his future health, an inmate must show (1) exposure to 'unreasonably high' levels of [smoke] contrary to contemporary standards of decency; and (2) deliberate indifference by the authorities to the exposure." (quoting *Helling*, 509 U.S. at 35-36)). Deliberate indifference is a subjective standard. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001). A plaintiff must allege that the prison officials "knew or were aware of and disregarded an excessive risk to [his] health or safety." *Id*. at 135. "[I]t is not sufficient that the official should have been aware" of the excessive risk. *Id*. at 125.

Sherman's Amended Complaint does not state a meritorious Fourteenth Amendment claim against Carney or a meritorious *Monell* claim. Initially, the Court notes that Sherman is no longer in the custody of the PDP. *See Moore*, 2023 WL 4884855, at *2 ("[P]lainly relevant [to assessing a claim of future harm of exposure to environmental smoke] is the fact that Moore is no longer in custody." (alteration in original)). His transfer out of custody presumably eliminated his exposure to K2, thus undermining any claim that his future health is endangered. Moreover, Sherman's assertion that he was exposed to K2 smoke from November 2023 until he filed the Amended Complaint in November 2024 is too unspecific to support a reasonable inference that the smoke exposure was unreasonably high. *See id*. (allegation that the plaintiff was exposed to smoke on twelve different occasions over the course of three months was too vague to support claim); *see also Perez v. Kelly*, Civ. A. No. 24-10287, 2025 WL 2603451, at *2 (D.N.J. Sept. 9, 2025) (concluding that plaintiff's allegation of his exposure to smoke during

8

"entire" 23-month incarceration was too vague to support a claim as the plaintiff failed to "provide any details as to the level, frequency, or duration of his exposures"). Nor do any allegations in the Amended Complaint support a *Monell* claim against Carney or the City of Philadelphia. *See Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013) ("It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim.").

## IV.    CONCLUSION

In sum, upon balancing the *Poulis* factors, the Court finds that they weigh in favor of dismissing this action pursuant to Federal Rule of Civil Procedure 41(b) for Sherman's failure to prosecute. Sherman does not put forth a meritorious constitutional claim against either Defendant. Even if he did, there is no way for this litigation to proceed without Sherman's participation. An Order follows, which dismisses this case.

BY THE COURT:

/s/ John R. Padova

**JOHN R. PADOVA, J.**